# In the United States Court of Federal Claims

No. 19-97C
(Filed January 23, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
                                 *
GENE EDWARD SCOTT II,            *
                                 *
            Plaintiff,           *
                                 *
      v.                         *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

On January 16, 2019, plaintiff Gene Scott filed a complaint in this court representing himself. He seems to allege that since he lives in an impoverished area, the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution entitles him to $2,500,000,000, which he plans to spend on building a "College University/Residential Hall with [a] medical facility in Holly Grove, Arkansas." ECF No. 1, at 2–4. Our court's jurisdiction extends to violations of statutes or Constitutional provisions that mandate federal payments. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."); 28 U.S.C. § 1491(a)(1). But the Federal Circuit has held that the Equal Protection Clause of the Fourteenth Amendment is not a money-mandating provision of the Constitution. *See, e.g., LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Moreover, the Fourteenth Amendment imposes obligations on states rather than the federal government. *See San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987) ("The Fourteenth Amendment applies to actions by a State. The claimed association in this case is between the [United States Olympic Committee] and the Federal Government. Therefore, the Fourteenth Amendment does not apply.").[†]

---

[†] Even if plaintiff intended to base his claim on the so-called equal protection component of the Fifth Amendment's Due Process Clause—which does apply to the

Under the rules of our court, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the United States Court of Federal Claims (RCFC) 12(h)(3). Thus, under RCFC 12(h)(3), this case is **DISMISSED**. To the extent that plaintiff's motion to proceed *in forma pauperis* would relieve him of the requirement to pay filing fees, ECF No. 4, his motion is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

*[signature]*

VICTOR J. WOLSKI
Senior Judge

---

federal government—our court would still lack jurisdiction over the subject matter of this lawsuit. *See Carruth v. United States*, 224 Ct. Cl. 422, 445 (1980) ("This court has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages."); *see also LeBlanc*, 50 F.3d at 1028.