# In the United States Court of Federal Claims

No. 19-97C
(Filed February 11, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
GENE EDWARD SCOTT II,            *
                                 *
            Plaintiff,           *
                                 *
    v.                           *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

On February 7, 2019, the clerk's office received a document from plaintiff Gene Scott entitled "Plaintiff's Amended Supplement to the Plaintiff's Filed Complaint." Because our rules do not provide for the filing of such documents, and the court had already dismissed his complaint for lack of subject-matter jurisdiction, the document was not filed when received. Given Mr. Scott's pro se status, this submission shall be treated as a motion for reconsideration under Rule 59(a)(1) of the Rules of the United States Court of Federal Claims, and filed accordingly.

Plaintiff's paper contends that our court has jurisdiction over his case under 28 U.S.C. § 1505 (also known as the Indian Tucker Act), which provides the following:

> The United States Court of Federal Claims shall have jurisdiction of any claim against the United States accruing after August 13, 1946, in favor of any tribe, band, or other identifiable group of American Indians residing within the territorial limits of the United States or Alaska whenever such claim is one arising under the Constitution, laws or treaties of the United States, or Executive orders of the President, or is one which otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe, band or group.

Plaintiff alleges that he is "part Cherokee Indian" and that his heritage provides our court with jurisdiction over his case. Pl.'s Mot. for Recons. at 3.

Even if plaintiff is part Cherokee Indian, however, that fact would not establish jurisdiction since the statute he invokes concerns claims brought by a "tribe, band, or other identifiable group" of American Indians, but not by individuals within those groups. *See* 28 U.S.C. § 1505. Moreover, the Indian Tucker Act is a "companion statute" to the Tucker Act, and both statutes are interpreted as having the same "jurisdictional frame-works." *Spengler v. United States*, 688 F. App'x 917, 921 n.2 (Fed. Cir. 2017) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). In other words, for the Indian Tucker Act to grant jurisdiction over a matter, a party must also identify a substantive money-mandating right to damages against the United States. *Id.*; *see also United States v. Mitchell*, 445 U.S. 535, 538–40 (1980). Plaintiff has still failed to identify any money-mandating law that allows him to invoke our jurisdiction. His motion for reconsideration is therefore **DENIED**.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge